ENTWISTLE & CAPPUCCI

Entwistle & Cappucci LLP
299 Park Avenue
20th Floor
New York, NY 10171

(212) 894-7200 Main
(212) 894-7272 Fax
www.entwistle-law.com

December 31, 2015

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    RE:   *Value Recovery Fund LLC v. Barclays Bank PLC, et al.*,
           15-cv-9486 (LGS)

Dear Judge Schofield:

    Pursuant to Your Honor's Orders dated December 9, 2015, and December 14, 2015, the parties in the above-captioned action ("Action") respectfully submit this joint letter to provide the Court with the following information.

    This Action was commenced on December 3, 2015 by Plaintiff Value Recovery Fund, LLC ("Value Recovery" or "Plaintiff"), as assignee of Camulos Master Fund LP ("Camulos").

    Defendants Barclays Bank PLC and Barclays Capital Inc. (together, "Barclays") waived service of summons, subject to Barclays' reservation of all rights and defenses other than failure to properly perform service, on December 21, 2015.

**1. Statement of the nature of the case, principal claims and defenses.**

    a.   *Plaintiff's Position*:

    Members of the proposed class placed orders to trade specific quantities of foreign currency on Barclays' electronic trading platform or through third-party electronic communications networks, which orders matched Barclays' streaming price. Those orders accepted Barclays' outstanding offer to trade at the stated price. However, those orders were rejected by Barclays and subsequently filled at prices less favorable than the original Barclays' price to which they had been matched. Class members suffered losses as a result of Barclays' practice of reneging on such matched orders. This practice has been referred to as "Last Look."

The Honorable Lorna G. Schofield
December 31, 2015
Page 2

During the Class Period, Barclays also used Last Look in other contexts, such as marking to market collateral in Euro-denominated assets in connection with credit facilities maintained by class members, as well as in connection with purchases and sales of foreign debt and equity. In addition to executing spot FX trades with Barclays, Camulos maintained a $2 billion credit facility with Barclays. The credit facility was collateralized by foreign debt and equity valued in foreign currency, which Barclays converted into USD on a daily basis, applying its Last Look practices.[1]

On November 18, 2015, Barclays entered into a Consent Order with the New York State Department of Financial Services ("DFS"). In the Consent Order, Barclays: (i) admitted that it had misused Last Look; (ii) agreed to pay a $150 million fine; (iii) agreed to terminate a Managing Director implicated in the practice; and (iv) agreed to an independent monitor.

By reason of its admissions in the Consent Order, Barclays should be estopped from denying liability in this action.

Plaintiff has agreed to consolidation of this action with *Axiom Investment Advisors, LLC v. Barclays Bank PLC*, No. 15-cv-9323 (LGS) ("*Axiom*"). In that connection, we have been discussing with *Axiom*'s counsel the logistics of consolidation, the assertion therein of all appropriate claims and appropriate leadership therein. Counsel for Plaintiff and *Axiom* continue to discuss these issues.

Plaintiff was advised today that there is a proposed settlement in *Axiom*. However we are currently not aware of the terms and conditions of the proposed settlement and cannot comment thereon.

    b.    *Barclays' Position*:

Barclays notes that Plaintiff's statements in paragraph 1(a) above regarding mark to market collateral and credit facilities with Barclays do not appear in Plaintiff's Complaint. Nonetheless, Barclays states that all of Plaintiff's claims are covered by a settlement agreement currently being finalized in *Axiom*. Barclays anticipates this settlement agreement will be filed with this Court shortly. Accordingly, Barclays does not set forth an exhaustive list of its defenses in this Action. Should this Court not ultimately approve the anticipated settlement agreement in *Axiom*, Barclays anticipates asserting defenses based on, *inter alia*, Plaintiffs' lack of standing, lack of damages, and failure to plead any actionable claims.

**2. Statement of subject matter jurisdiction and venue.**

    a.    *Plaintiff's Position*:

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1332(d)(2), as the

---

[1] We are continuing our investigation. Value Recovery anticipates amending its complaint as of right in order more specifically to describe this alleged misconduct.

The Honorable Lorna G. Schofield
December 31, 2015
Page 3

Class contains more than 100 persons, the aggregate amount in controversy exceeds $5,000,000, and at least one Class member is a citizen of a State different from Barclays.

Venue is proper in this District pursuant to 28 U.S.C. §1391(b), (c), and (d). Barclays resided, transacted business, was found and had agents in this District; a substantial part of the events giving rise to the claims arose in this District; and a substantial part of the affected interstate trade and commerce described herein has been carried out in this District.

    b.    *Barclays' Position*:

Barclays does not, at this time, anticipate challenging personal jurisdiction or venue in this Action. Barclays reserves the right to challenge this Court's subject matter jurisdiction over this Action, including on the grounds that Plaintiff lacks Article III standing.

**3. Description of proposed motions.**

    a.    *Plaintiff's Position*:

As noted, Plaintiff agrees to consolidation with *Axiom*. We are discussing with counsel for *Axiom* the logistics of consolidation, the assertion of appropriate claims and proper leadership role(s) in the consolidated action.

Plaintiff has not been advised of the terms of the proposed settlement agreement in *Axiom*, and has not seen any term sheet nor memorandum of understanding thereof. Accordingly, Plaintiff cannot comment on the proposed settlement.

    b.    *Barclays' Position*:

Barclays anticipates that the parties will submit to this Court an unopposed motion to consolidate the Action with *Axiom*. Barclays anticipates that this Action will be consolidated with *Axiom*, that the settlement agreement mentioned *supra* at 1(b) will be filed in *Axiom*, and that this Court will preliminarily approve that settlement. If Plaintiff nonetheless seeks to pursue its claims, Barclays reserves the right to move to stay or dismiss the Action.

**4. Description of discovery.**

No discovery has yet taken place.

    a.    *Plaintiff's Position*:

Value Recovery seeks limited Rule 34 discovery during the pendency of Barclays' prospective motions. Specifically, Value Recovery asks the Court to have Barclays provide all of the materials provided to the government and any administrative agencies in connection with the DFS investigation and Consent Order and in connection with any other related proceedings and investigations.

The Honorable Lorna G. Schofield
December 31, 2015
Page 4

The parties also intend to conduct discovery within the scope of Rule 26(b). At this early stage of the case, it is not possible to describe what portion of that discovery is likely to be admissible under the Federal Rules of Evidence and material to proof of the claims and defenses raised in the pleadings.

Plaintiff believes the parties should conduct Rule 26(f) conferences while motions to dismiss are pending.

Plaintiff will seek relief from Rule II.A.1 of your Honor's Individual Rules and Procedures for Civil Cases concerning limitations on the number of custodians, the five year limitation on searches for ESI, and the number of hours spent collecting and reviewing of ESI for production in this action.

Plaintiff believes that discovery should not be stayed pending a prospective motion seeking preliminary approval of the settlement in *Axiom*, but will be discussing this issue further with counsel for *Axiom*.

b.   *Barclays' Position*:

Barclays anticipates that this Action will be consolidated with *Axiom*, and that a settlement agreement will be filed in *Axiom*. If this Court preliminarily approves that settlement, this Action will be stayed and no discovery will occur. Accordingly, Barclays submits that there should be no discovery in this Action pending this Court's consideration of the preliminary approval of the *Axiom* settlement. Any discovery Barclays provides concerning Last Look claims should be done through the terms of discovery provided under the provisions of the *Axiom* settlement.

5. **Description of settlement discussions.**

No settlement discussions have yet occurred with the named Plaintiff in this Action.

6. **Additional Information.**

In connection with the prospective settlement in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 15-cv-7789 (LGS) (the "*Consolidated FX Action*"), the proposed release of Barclays expressly "carves out" and excludes any release of Last Look claims.

The parties will advise the Court of any other information that may assist the Court in resolving the action.

7. **Leadership Structure.**

a.   *Plaintiff's Position*:

EC.60010.1

The Honorable Lorna G. Schofield
December 31, 2015
Page 5

As noted, Plaintiff agrees to consolidate this action with *Axiom*.  Plaintiff's counsel is discussing with counsel for *Axiom* the logistics of consolidation, assertion of appropriate claims and leadership role(s) in the consolidated action.

b.  *Barclays' Position*:

Barclays takes no position on leadership structure, but notes that counsel for the plaintiff in *Axiom* filed the first complaint concerning Last Look (a complaint that Plaintiff in this Action has copied almost verbatim).  Additionally, Barclays notes that Barclays and the *Axiom* plaintiff already have engaged in months of arms-length negotiations, culminating in the execution of a memorandum of understanding in October 2015 (before Value Recovery filed its complaint on December 3, 2015), and are working to finalize a comprehensive settlement agreement.

**8.  Consolidation**

The parties agree that consolidation of this action with the *Consolidated FX Action* is not appropriate.

The parties agree that consolidation with *Axiom* is appropriate.

Respectfully submitted,

ENTWISTLE & CAPPUCCI, LLP

*/s/Andrew J. Entwistle*
Andrew J. Entwistle
280 Park Avenue
26th Floor West
New York, NY 10017
Telephone: 212-894-7200
aentwistle@entwistle-law.com

*Counsel for Plaintiff*

SULLIVAN & CROMWELL LLP

*/s/ Yvonne S. Quinn*
Yvonne S. Quinn
David H. Braff
Matthew A. Schwartz
Kathleen M. Reilly
Christopher J. Miller
125 Broad Street
New York, NY 10004
Telephone: 212-558-4000
quinny@sullcrom.com

*Counsel for Barclays*

EC.60010.1